UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILDANETTE CALDERON MARTINEZ,

    Plaintiff,

                                              Case No.: 8:22-cv-822

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Wildanette Calderon Martinez, sues the Defendant, United States of America, and alleges:

### INTRODUCTION

1. This is a personal injury action for money damages against Defendant, the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., for negligence in connection with a motor vehicle collision on August 16, 2019, in which David William Calandro, who was acting within the course and scope of his employment with the United State Department of Agriculture, caused the collision which is the subject of the action. As a result of the collision, Plaintiff suffered significant and permanent injuries.

2. Plaintiff has presented her claim to the appropriate Federal Administrative Agency, to wit, the United State Department of Agriculture, and

the department finally denied Plaintiff's claim on March 17, 2022, and this Court therefore has jurisdiction pursuant to 28 U.S.C. § 2675.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff is, and at all times relevant hereto was, a resident of Riverview, Hillsborough County, Florida.

4. At all times relevant to this Complaint, David William Calandro, was employed by and acting on behalf of, and within the course and scope of his employment with Defendant. Defendant is responsible for the negligent acts of its employee under the doctrine of *Respondent Superior.*

5. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1346 (b). Venue is appropriate in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1402 (b) because the acts and omissions giving rise to this action occurred in this District.

## CLAIM FOR NEGLIGENCE

6. On, and at all material times, David William Calandro, was acting within the course and scope of his employment with United States Department of Agriculture.

7. On August 16, 2019, David William Calandro, was operating a motor vehicle at the direction of and within the scope of his employment by the United States Department of Agriculture.

8. On, August 16, 2019, and at all material times, Defendant, including its employee, David William Calandro, had a duty to operate the motor vehicle with reasonable care for the safety of other, including, Plaintiff.

9. On August 16, 2019, David William Calandro, was operating his motor vehicle northbound on Interstate 75 when he struck a vehicle in the rear causing to strike a third vehicle and causing that vehicle to strike the motor vehicle operated by Plaintiff.

10. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, lost wages in the past and a loss of ability to earn wages in the future, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant together with the costs and disbursements of this action and such other relief as the Court Deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury, pursuant to Rule 38(d) of the Federal Rules

of Civil Procedure, on all issues on which Plaintiff is so entitled.

Respectfully submitted this 6th day of April, 2022.

By: /s/ *Jason K. Whittemore*
WAGNER MCLAUGHLIN, P.A.
Jason K. Whittemore
Florida Bar #: 0037256
601 Bayshore Blvd., Suite 910
Tampa, Florida 33606
Telephone: (813) 225-4000
Primary Email: Jason@WagnerLaw.com
Secondary Email: Arelys@wagnerlaw.com